UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,<br><br>        Plaintiff,<br><br>     v.<br><br>NATIONAL RAILROAD PASSENGER CORP., d/b/a AMTRAK, and NORTHEAST CORRIDOR INFRASTRUCTURE AND OPERATIONS ADVISORY COMMISSION,<br><br>        Defendants. | Civil Action No. 16-10120- MLW |

## PLAINTIFF'S STATUS REPORT

Plaintiff Massachusetts Bay Transportation Authority ("MBTA"), by and through its undersigned counsel, submits this status report pursuant to this Court's May 9, 2016 Order. (The Court requested a status report from "the parties." Because defendants have not yet been served with the Complaint and their counsel has not appeared in this case, MBTA is making this report as the only party. Defendants have agreed to this approach. A copy of this report was provided to counsel for defendants for their review and comment prior to filing).

On January 27, 2016, MBTA filed a Complaint for declaratory and injunctive relief related to a 2003 contract (the "Attleboro Line Agreement") between MBTA and defendant National Railroad Passenger Corp ("Amtrak"). ECF No. 1. The Attleboro Line Agreement governs Amtrak's use of the MBTA-owned Attleboro Line (the rail line between Boston's South Station and the Rhode Island border), as well as services exchanged between the parties with respect to the Attleboro Line. According to the allegations in the Complaint, Amtrak has

asserted that under two federal statutes – the Passenger Rail Investment and Improvement Act of 2008 ("PRIIA"), Pub. L. No. 110-432, Div. B, 122 Stat. 4848, 4907 (2008), and the Fixing America's Surface Transportation Act (the "FAST Act"), Pub. L. No. 114-94, 129 Stat. 1312 (2015) – the financial terms of the Attleboro Line Agreement must yield to a different cost-sharing formula devised by defendant Northeast Corridor Infrastructure and Operators Advisory Commission ("NECC").  MBTA's Complaint alleges that (a) the relevant provisions of PRIIA and the FAST Act violate multiple provisions of the Constitution, and (b) Congress cannot abrogate the Attleboro Line Agreement without putting Amtrak, a federal government agency, into breach of contract.

After MBTA filed the Complaint, Amtrak provided MBTA with notice that it was terminating the Attleboro Line Agreement on 12 months' notice.  That termination will become effective in February 2017.  Until it does, MBTA's position remains that the Attleboro Line Agreement, not the NECC cost-sharing formula, presently governs the relationship between the parties.  MBTA also maintains its position that PRIIA and the FAST Act, and the NECC cost-sharing formula adopted pursuant to those statutes, are unconstitutional and thus, after the Attleboro Line Agreement expires, MBTA cannot be compelled to comply with the challenged provisions of PRIIA and the FAST Act or the with the NECC's cost-sharing formula.  Accordingly, MBTA believes that the notice of termination does not resolve the issues in the litigation.

Since MBTA filed the Complaint and Amtrak provided notice of termination, the two parties have been attempting to negotiate the terms of a new agreement to replace the Attleboro Line Agreement and settle this dispute.  To provide breathing space for those negotiations, MBTA and Amtrak entered into a standstill agreement under which MBTA agreed not to serve

the Complaint until after June 23, 2016.  To accommodate that standstill, MBTA (with defendants' assent) moved this Court for an extension of time within which to serve the Complaint until June 27, 2016, which this Court allowed.  ECF Nos. 10, 11. This Court also ordered the parties to file a status report by June 20, 2016.  ECF No. 11.

Presently, no new agreement has been reached.  Barring unexpected developments, MBTA anticipates serving the Complaint on defendants after June 23 and before the June 27 deadline.  If there are developments potentially warranting a further extension of the time for service, plaintiff will inform the Court as soon as practicable.

Respectfully submitted,

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY

By its attorneys,

/s/  Kevin P. Martin
Kevin P. Martin (BBO# 655222)
Jaime A. Santos (BBO# 689946)
Eileen L. Morrison (BBO# 694208)
GOODWIN PROCTER LLP
53 State Street
Boston, Massachusetts 02109
Phone:  (617) 570-1000
Fax:  (617) 523-1231
KMartin@goodwinprocter.com
JSantos@goodwinprocter.com
EMorrison@goodwinprocter.com

William M. Jay (*pro hac vice pending*)
Brian T. Burgess (*pro hac vice pending*)
GOODWIN PROCTER LLP
901 New York Avenue NW
Washington, D.C. 20001
Phone:  (202) 346-4000
Fax:  (202) 346-4444
WJay@goodwinprocter.com
BBurgess@goodwinprocter.com

                    John C. Englander (BBO# 542532)
                    MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
                    10 Park Plaza
                    Boston, MA 02116
                    Phone: (857) 368-8600
                    Fax: (857) 368-0615
                    John.Englander@State.ma.us

DATED:  June 20, 2016